

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

March 2, 2022

**Via ECF**

The Hon. Paul A. Engelmayer  
United States District Judge  
Southern District of New York  
40 Foley Square  
New York, NY 10007

    Re:  <u>Goldstein v. Professional Staff Congress/CUNY, et al.</u>, No. 22 Civ. 321 (PAE) (JEW)

Your Honor:

    I am an Assistant Attorney General in the Office of Letitia James, Attorney General of New York, which represents the State Defendants in this action.[1] By order dated February 23, 2022 (the "Order"), your Honor scheduled an initial pre-trial conference for March 9, 2022 at 9 a.m. ECF 32.

    Pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 37.2, I write to respectfully request that your Honor adjourn the filing of a case management plan (due on March 4) and stay discovery pending resolution of the Defendants' motions to dismiss the complaint, due on April 20, 2022. The State Defendants also respectfully request that your Honor use the March 9th conference to discuss these requests. The other Defendants join these requests, and Plaintiffs do not object.

**A. Summary of Allegations**

    Plaintiffs are six CUNY faculty members who resigned from the PSC, alleging that it is anti-Semitic, anti-Israel and anti-Zionist, and does not fairly represent their interests. Plaintiffs assert that the Public Employees' Fair Employment Act (N.Y. Civil Service Law Article 14, known as the "Taylor Law"), and the collective bargaining agreement between the PSC and CUNY, violate their First Amendment right of association because the PSC is the exclusive representative for their bargaining unit and they are forced to associate with other members of their bargaining unit. Three of the six plaintiffs also claim that their First Amendment right to free speech was violated because they experienced a delay in the cessation of deduction of union dues from their wages after they

---

[1] The five "State Defendants" are The City University of New York ("CUNY"), New York State Comptroller Thomas P. DiNapoli, and the Chair and Members of the New York Public Employment Relations Board ("PERB"): John Wirenius, Rosemary A. Townley and Anthony Zumbolo, respectively. The individual defendants are sued solely in their official capacities. The Professional Staff Congress/CUNY ("PSC") (the union that represents CUNY Instructional Staff), and the City of New York, are the remaining Defendants and are separately represented.

The Hon. Paul A. Engelmayer                                                                    Page 2
March 2, 2022

resigned from the PSC. Plaintiffs assert these three First Amendment claims pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief, damages and attorney's fees.

Defendants' deadline to respond to the complaint is April 20, 2022. ECF 29. As described below, the State Defendants intend to move to dismiss all of Plaintiffs' claims against them.

**B. Legal Discussion**

It is "well-settled" that district courts have "considerable discretion" to stay discovery for "good cause." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). In determining whether good cause exists, courts consider the strength of the motion, the burden of discovery on defendants, and any prejudice to plaintiffs resulting from a stay. *See, e.g., Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). These factors all support a stay of discovery in this case.

*First*, the State Defendants' motion will present "substantial arguments for dismissal" and will likely fully dispose of all claims against them. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Among other arguments, it is well settled that exclusive representation provisions such as that contained in the Taylor Law, do not violate First Amendment rights, mandating dismissal of the first two causes of action. *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271 (1984); *Jarvis v. Cuomo*, 660 F. App'x 72, 74 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1204 (2017).[2]

Moreover, the Taylor Law does not violate the First Amendment or compel payment of dues by public employees after they resign from a union, mandating dismissal of the third cause of action. The Supreme Court in *Janus v. AFSCME* held that the First Amendment prohibits states and unions from compelling payment of agency fees from nonconsenting public employees, but otherwise "states can keep their labor-relations systems exactly as they are ... ." *Janus*, 138 S. Ct. 2448, 2485 n.27 (2018). Every Court of Appeals that has since addressed the issue has held that an employee's agreement authorizing the deduction of union dues for a period of time is a voluntary contractual obligation independent of the State, and does not offend the First Amendment, even if the deductions extend past the date of resignation from the union. *Belgau v. Inslee*, 975 F.3d 940, 951 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021) (rejecting First Amendment challenge).[3]

Moreover, in this case the State pays the wages of only two of the three Plaintiffs who have alleged that dues were deducted after they resigned from the union (Profs. Kass-Shraibman and Langbert), Compl. ¶¶ 12, 13, 78, 103, and the third claim is moot because their dues deductions have ceased. Thus, Plaintiffs' claims against the State Defendants should be dismissed for lack of subject matter jurisdiction. *See, e.g., Wholean v. CSEA SEIU Loc. 2001*, No. 18 Civ. 1008 (WWE), 2019 WL 1873021, at *3 (D. Conn. Apr. 26, 2019), *aff'd*, 955 F.3d 332 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1735 (2021) (dismissing as moot First Amendment claims for declaratory judgment and injunctive relief regarding the collection of agency fees from non-members since collection ceased and was unlikely to recur); *LaSpina*, 985 F.3d at 290 (state employer's voluntary cessation of dues deductions

---

[2]   *See also, e.g., Adams v. Teamsters Union Loc. 429*, No. 20-1824, 2022 WL 186045, at *2 (3d Cir. Jan. 20, 2022) ("[W]e hold that, consistent with every Court of Appeals to consider a post-*Janus* challenge to an exclusive-representation law, the law does not violate the First Amendment."). The State Defendants expressly preserve any and all defenses.

[3]   *See also, e.g., LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 287 (3d Cir. 2021). The Comptroller is sued only in Count III. CUNY and the PERB officers are sued only in Counts I & II.

The Hon. Paul A. Engelmayer                                                                                       Page 3
March 2, 2022

after lawsuit was commenced rendered plaintiff's claim moot because there was no reasonable likelihood of future dues deductions).[4]

Finally, sovereign immunity bars any claims against the State Defendants for money damages or retrospective declaratory and injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) ("retrospective form[s] of relief [are] barred by the Eleventh Amendment").

*Second*, commencing discovery now would be burdensome and costly for the Defendants (as well as for Plaintiffs); and entirely unnecessary, should the motions to dismiss be granted. *See Spencer*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Even if motion practice does not end the case entirely, "[a] stay may also have the advantage of simplifying and shortening discovery . . . ." *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

*Third*, Plaintiffs will not be prejudiced by a stay of discovery. The motions to dismiss will soon be briefed. Even if those motions are ultimately denied, any delay in discovery will have been minimal and non-prejudicial to Plaintiffs. *Cf., e.g.*, Order, Dkt. No. 15, *Philbert v. New York City Dep't of Educ.*, No. 21 Civ 3119 (PAE) (S.D.N.Y. July 21, 2021); Order, Dkt. No. 15, *MTS Logistics, Inc. v. Innovative Commodities Grp., LLC*, No. 19 Civ. 4216 (PAE) (S.D.N.Y. July 22, 2019) (staying discovery pending motion to dismiss before the motion had been briefed); Order, Dkt. No. 20, *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE) (S.D.N.Y. July 26, 2017) (same); *Spencer*, 206 F.R.D. at 368 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *Integrated Sys. & Power*, 2009 WL 2777076, at *1 (stay of several months will "not prejudice the Plaintiff to any degree"); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (staying discovery where "the proposed length of the stay is limited to the time required for the Court to decide the motions").

## C. Conclusion

For these reasons, and with no objection from Plaintiffs, we respectfully request that, pending resolution of Defendants' motions to dismiss, discovery in this action be stayed, the submission of a case management plan be adjourned, and the initial pretrial conference currently scheduled for March 9, 2022 at 9:00 a.m. be used to discuss these issues.

Respectfully submitted,

/s/ Jonathan A. Siegel

Jonathan A. Siegel, Assistant Attorney General
(212) 416-8888

cc:   all counsel of record (via ECF)

---

[4]   *See also, e.g., Hamidi v. Serv. Emps. Int'l Union, Loc. 1000*, No. 19-17442, 2021 WL 4958855, at *1 (9th Cir. Oct. 26, 2021) (public employees claims for declaratory and injunctive relief against union and state controller were moot because agency fee deductions had ceased), *cert. denied*, No. 21-1073 (Feb. 28, 2022); *Creed v. Alaska State Emps. Ass'n/AFSCME Loc. 52*, 472 F. Supp. 3d 518, 524 (D. Alaska 2020), *aff'd*, No. 20-35743, 2021 WL 3674742 (9th Cir. Aug. 16, 2021), *cert. denied*, No. 21-615, 2022 WL 515883 (Feb. 22, 2022) ("Plaintiffs' claims for prospective relief are moot because the State is no longer deducting union dues from their paychecks.").

The Court has received a request from defendants, to which plaintiffs do not object, to stay discovery pending the resolution of defendants' forthcoming motions to dismiss, to adjourn submission of a case management plan, and to use the initial pretrial conference scheduled for March 9, 2022 to take up the issue of whether discovery should be stayed pending resolution of a motion to dismiss.

The Court will take up this issue at the March 9 conference. Counsel need not submit a proposed case management plan in advance of that conference. SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
3/2/22