UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVRAHAM GOLDSTEIN; MICHAEL GOLDSTEIN; FRIMETTE KASS-SHRAIBMAN; MITCHELL LANGBERT; JEFFREY LAX; MARIA PAGANO,<br><br>Plaintiffs,<br><br>v.<br><br>PROFESSIONAL STAFF CONGRESS/CUNY, *et al.*,<br><br>Defendants. | **Case No. 1:22-cv-00321-PAE**<br><br>Hon. Paul A. Engelmayer |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF AVRAHAM GOLDSTEIN FOR ATTORNEYS' FEES AND COSTS**

Nathan J. McGrath (*pro hac vice*)
Email: njmcgrath@fairnesscenter.org
Danielle R. Acker Susanj (*pro hac vice*)
Email: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

Milton L. Chappell (*pro hac vice*)
Email: mlc@nrtw.org
William L. Messenger (*pro hac vice*)
Email: wlm@nrtw.org
c/o National Right to Work Legal
 Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: 703.321.8510
Facsimile: 703.321.9319

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

Table of Authorities..................................................................................................................................ii

Relevant Background and Facts .........................................................................................................1

Legal Standard ........................................................................................................................................2

Argument .................................................................................................................................................3

    I.    This Court Should Grant Plaintiff A. Goldstein's Request for Reasonable Attorneys' Fees Pursuant to 42 U.S.C. § 1988 Because He Is a Prevailing Party and the Requested Fees Are Reasonable............................................................................................................................3

        A.    Plaintiff A. Goldstein Is a Prevailing Party ..........................................................3

        B.    The Requested Fees Amount Is Reasonable .......................................................4

    II.    This Court Should Award Costs and Expenses................................................................11

Conclusion ............................................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**            Page(s)

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Ctny. of Albany*,
   522 F.3d 182 (2d Cir. 2008) .................................................................................................. 4, 7

*Barile v. Allied Interstate, Inc.*,
   No. 12 Civ. 916, 2013 WL 795649 (S.D.N.Y. Jan. 30, 2013) ................................................ 11

*Clarke v. Hudson Valley Fed. Credit Union*,
   No. 14-cv-5291, 2016 WL 884667 (S.D.N.Y. Mar. 8, 2016) ................................................. 11

*Coakley v. Webb*,
   No. 14 Civ. 8438, 2016 WL 104079 (S.D.N.Y. Mar. 10, 2016) .............................................. 3

*Finch v. N.Y. State Off. of Children & Family Servs.*,
   861 F. Supp. 2d 145 (S.D.N.Y. 2012) .................................................................................... 11

*Grant v. Martinez*,
   973 F.2d 96 (2d Cir. 1992) ........................................................................................................ 4

*Hines v. City of Albany*,
   862 F.3d 215 (2d. Cir. 2017) .................................................................................................... 6

*Homeaway.com, Inc. v. City of New York*,
   523 F. Supp. 3d 573 (S.D.N.Y. 2021) ....................................................................... 3, 8, 9, 10

*Kentucky v. Graham*,
   473 U.S. 159 (1985) .............................................................................................................. 2–3

*Kirsch v. Fleet St., Ltd.*,
   148 F.3d 149 (2d Cir. 1998) ..................................................................................................... 4

*Knoeffler v. Town of Mamakating*,
   126 F. Supp. 2d 305 (S.D.N.Y. 2000) ...................................................................................... 6

*Knox v. Chiang*,
   2013 WL 2434606 (E.D. Cal. June 5, 2013) ........................................................................... 9

*Kuzma v. I.R.S.*,
   821 F.2d 930 (2d Cir. 1987) ................................................................................................... 11

*LeBlanc-Sternberg v. Fletcher*,
   143 F.3d 748 (2d Cir. 1998) ................................................................................................. 3, 4

*Lora v. J. V. Car Wash, LTC*,
   No. 11 Civ. 9010, 2015 WL 4496847 (S.D.N.Y. July 24, 2015) ........................................... 11

*Raishevich v. Foster*,
   247 F.3d 337 (2d Cir. 2001) ..................................................................................................... 3

*Reiter v. MTA N.Y.C. Transit Auth.*,
  457 F.3d 224 (2d. Cir. 2006) .................................................................................................... 7

*Restivo v. Hessemann*,
  846 F.3d 547 (2d Cir. 2017) ..................................................................................................... 7

*Serna v. TWU*,
  No. 3:13-CV-2469-N, 2014 WL 7721824, (N.D. Tex. Dec. 3, 2014) ................................. 7, 9

*Sole v. Wyner*,
  551 U.S. 74 (2007) .................................................................................................................. 2

**Statutes**

42 U.S.C. § 1988 ............................................................................................................................. 2

Plaintiff Avraham Goldstein, by and through his undersigned attorneys, files this Memorandum of Law in support of his Motion for an Award of Attorneys' Fees and Costs ("Motion").

## RELEVANT BACKGROUND AND FACTS

Plaintiffs sought out the Fairness Center and attorneys provided by the National Right to Work Legal Defense & Education Foundation, Inc. ("Foundation") to represent their interests in this matter. Decl. of Nathan J. McGrath ¶¶ 8–9. The undersigned attorneys who have appeared in this matter on behalf of Plaintiffs have significant complex civil litigation experience and extensive experience with the issues before the Court in this matter. McGrath Decl. ¶ 9. All attorneys for whom fees are sought have coordinated their efforts as it relates to this lawsuit and began discussing legal strategies, meeting with Plaintiffs, and efficiently dividing the work related to legal research and drafting in order to avoid undue overlap in their work. McGrath Decl. ¶ 10.

The undersigned attorneys filed this lawsuit on behalf of Plaintiffs on January 12, 2022, pursuant to 42 U.S.C. § 1983 against defendants Professional Staff Congress/CUNY ("PSC"), John Wirenius, in his official capacity as Chairperson of the New York Public Employee Relations Board; Rosemary A. Townley, in her official capacity as Member of the New York Public Employee Relations Board; Anthony Zumbolo, in his official capacity as Member of the New York Public Employee Relations Board; Thomas P. DiNapoli, in his official capacity as New York State Comptroller; City University of New York ("CUNY"), and the City of New York ("the City"). Compl. 1–3, ECF No. 1.

Plaintiffs allege violations of their rights under the First and Fourteenth Amendments to the United States Constitution. Compl. 2–3, ECF No. 1. They sought to resign their union memberships and cease all financial support and all affiliation or association with the PSC, which represents them exclusively in regard to their terms and conditions of employment. Count One of this lawsuit

1

challenges the exclusive representation scheme, whereby Plaintiffs are compelled to accept PSC as its exclusive representative. Compl. 18–20, ECF No. 1. In Count Two, Plaintiffs challenge being forced to associate with the state-certified bargaining unit and the other members therein. Compl. 20–22, ECF No. 1. Finally, in Count Three, Plaintiffs A. Goldstein, Kass-Shraibman, and Langbert bring claims against defendants PSC, DiNapoli, and the City for compelling payment of union fees and, therefore, support for PSC, after their resignation from union membership. Compl. 22–24, ECF No. 1. An initial conference in this matter was conducted by this Court on March 9, 2022, ECF, No. 49, and Defendants all filed their respective motions to dismiss on April 20, 2022, ECF Nos. 53, 56, 59.

Plaintiff A. Goldstein accepted a Rule 68 offer of judgment against the City made on April 22, 2022, and filed notice thereof with this Court. Pl. Avraham Goldstein's Notice of Acceptance of Def. City of New York's Offer of Judgment, ECF No. 76. The City then filed its Proposed Rule 68 Judgment with this Court, ECF No. 77, and this Court entered judgment on November 2, 2022, ECF No. 78. The judgment provides that "Plaintiff [A.] Goldstein takes judgment against Defendant City of New York in this action, to include "reasonable attorneys' fees, expenses and costs in an amount to be determined by the Court." *Id.* Plaintiff A. Goldstein now timely files his motion for attorneys' fees and costs and this accompanying memorandum of law in support thereof.

## LEGAL STANDARD

For private civil rights actions brought pursuant to 42 U.S.C. § 1983, Congress has provided an exception to the traditional American rule that each party must bear its own attorneys' fees. That exception is codified in 42 U.S.C. § 1988, which "authorizes federal district courts, in their discretion, to 'allow the prevailing party . . . a reasonable attorneys' fee as part of the costs.'" *Sole v. Wyner*, 551 U.S. 74, 77 (2007) (quoting 42 U.S.C. § 1988(b)). "[F]ees should be awarded as costs unless special circumstances would render such an award unjust." *Kentucky v. Graham*, 473 U.S. 159,

164 (1985). A plaintiff "prevails" for purposes of Section 1988 if he or she "succeed[s] on any significant issue in litigation which achieved some of the benefit the [plaintiff] sought in bringing the suit." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (cleaned up). Although courts have discretion in deciding whether to award fees, "this discretion is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees." *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001).

## ARGUMENT

**I.   THIS COURT SHOULD GRANT PLAINTIFF A. GOLDSTEIN'S REQUEST FOR REASONABLE ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988 BECAUSE HE IS A PREVAILING PARTY AND THE REQUESTED FEES ARE REASONABLE**

Plaintiff A. Goldstein prevailed in his claims against the City of New York in this lawsuit when judgment was entered in his favor and against the City for the relief he sought from the City and reasonable attorneys' fees, expenses, and costs in an amount to be determined by this Court. As set forth below, Plaintiff A. Goldstein's request for attorneys' fees and costs is reasonable and should be awarded to him.

### A.   Plaintiff A. Goldstein Is a Prevailing Party

"To qualify as a prevailing party, a plaintiff 'must obtain at least some relief on the merits of his claim.'" *HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573, 584 (S.D.N.Y. 2021) (quoting *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 243 (2d Cir. 2019)). A party that accepts a Rule 68 offer is considered a 'prevailing party' under Section 1988. *Coakley v. Webb*, No. 14 Civ. 8438, 2016 WL 1047079, *2 (S.D.N.Y. Mar. 10, 2016) (citing *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 221 (S.D.N.Y. 2011)).

Here, Plaintiff A. Goldstein is the prevailing party because he has received all the relief sought in his Complaint against Defendant City of New York. *See* Rule 68 Judgment, ECF No. 78 ("this judgment shall be in full satisfaction of all federal and state law claims or rights that Plaintiff

Goldstein may have to damages, or any other form of relief"). Plaintiff A. Goldstein sought prospective relief in the Complaint to end the ongoing deductions of dues from his wages. Compl. ¶¶ 75, 77, ECF No. 1. Defendant City of New York has ceased deductions, and no further deductions will be taken unless authorized. Procope-Gregoire Aff. ¶¶ 13–14, ECF No. 57. In addition, the monetary relief offered in the judgment represents the full amount of dues deducted from Plaintiff A. Goldstein's wages after his resignation, with interest. McGrath Decl. ¶ 4. Therefore, Plaintiff A. Goldstein has received all relief sought against Defendant City of New York for the violation of his constitutional rights, and is thus a prevailing party.

### B.   The Requested Fees Amount Is Reasonable

"Once a district court determines that a party has prevailed, it must calculate what constitutes a reasonable attorney's fee." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Fees calculated according to the lodestar method are "presumptively reasonable." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Ctny. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The lodestar method requires multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See id.*; *LeBlanc-Sternberg*, 143 F.3d at 763–64.

#### 1.   The Hours Expended Are Reasonable

The reasonableness of the hours expended depends on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant*, 973 F.2d at 99. Those hours "should generally be documented by contemporaneously created time records that specify for each attorney[] the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

As documented in the accompanying declarations and exhibits, the hours expended by Plaintiff A. Goldstein's counsel in this matter were reasonable. Matters falling under each category of time spent for all counsel are explained in footnote 1 of the McGrath Declaration and tagged by

corresponding codes in the exhibit to each counsel's declaration. Fees are sought only for hours expended up to April 22, 2022, the date of the Offer of Judgment in this matter, except for time expended in preparation of the fee petition.

**Case Investigation:** Ms. Acker Susanj had primary responsibility for the preliminary investigation and discussion with plaintiffs related to the exploration and development of the claims against the Defendants in this matter, including related to dues deductions. She reasonably expended and claims a total of 5.3 hours in legal services in the preliminary investigation and development of this matter, as evidenced by her declaration, Decl. of Danielle Acker Susanj in Supp. of Mot. of Pl. A. Goldstein for an Award of Att'ys' Fees & Costs ("Acker Susanj Decl.") ¶ 10, and Exhibit 1 thereto, itemizing those hours, filed therewith.

**Complaint:** Plaintiffs' lead counsel, Mr. McGrath, reasonably expended and claims a total of 6.9 hours in legal services related to the Complaint, as evidenced by his declaration, McGrath Decl. ¶ 20, and Exhibit 1 thereto, itemizing those hours, filed therewith.

Ms. Acker Susanj had primary responsibility for much of the drafting of the pleadings and oversight of filing and service in this matter. She reasonably expended and claims a total of 15.5 hours in legal services related to the Complaint, as evidenced by her declaration, Acker Susanj Decl. ¶¶ 9–10, and Exhibit 1 thereto, itemizing those hours, filed therewith.

Mr. Chappell reasonably expended and claims a total of 3.7 hours in legal services related to the Complaint in this matter, as evidenced by his declaration, Decl. of Milton L. Chappell in Supp. of Mot. of Pl. A. Goldstein for an Award of Att'ys' Fees & Costs ("Chappell Decl.") ¶ 11, and Exhibit 1 thereto, itemizing those hours, filed therewith.

Mr. Messenger reasonably expended and claims a total of 4.8 hours in legal services related to the Complaint in this matter, as evidenced by his declaration, Decl. of William L. Messenger in

Supp. of Mot. of Pl. A. Goldstein for an Award of Att'ys' Fees & Costs ("Messenger Decl.") ¶ 7, and Exhibit 1 thereto, itemizing those hours, filed therewith.

**Case Management:** Mr. McGrath reasonably expended and claims a total of 10.2 hours in legal services related to case management, as evidenced by his declaration, McGrath Decl. ¶ 20, and Exhibit 1 thereto, itemizing those hours, filed therewith.

Ms. Acker Susanj reasonably expended and claims a total of 13.0 hours in legal services related to case management, as evidenced by her declaration, Acker Susanj Decl. ¶ 10, and Exhibit 1 thereto, itemizing those hours, filed therewith.

Mr. Chappell reasonably expended and claims a total of 6.5 hours in legal services related to case management in this matter, as evidenced by his declaration, Chappell Decl. ¶ 11, and Exhibit 1 thereto, itemizing those hours, filed therewith.

Mr. Messenger reasonably expended and claims a total of 1.8 hours in legal services related to case management in this matter, as evidenced by his declaration, Messenger Decl. ¶ 7, and Exhibit 1 thereto, itemizing those hours, filed therewith.

**Application for Attorneys' Fees and Costs:** Finally, after Plaintiff A. Goldstein accepted the City's offer of judgment, undersigned counsel offered to accept a reduced amount of fees, to avoid the time and expense of litigating this application. Plaintiff's counsel engaged in negotiation with counsel for the City regarding the issue of fees, making multiple, reasonable offers in the months following the Offer of Judgment and providing the underlying time sheets for the City's inspection. McGrath Decl. ¶ 19. However, the parties were unable to resolve the amount of fees, necessitating this fee petition. Fees may be awarded for time spent on a fee petition. *See Hines v. City of Albany*, 862 F.3d 215, 223 (2d. Cir. 2017); *Knoeffler v. Town of Mamakating*, 126 F. Supp. 2d 305, 316 (S.D.N.Y. 2000).

Mr. McGrath reasonably expended and claims a total of 5.1 hours in legal services related to this fee petition, as evidenced by his declaration, McGrath Decl. ¶¶ 21–22, and Exhibit 1 thereto, itemizing those hours, filed therewith. Ms. Acker Susanj reasonably expended and claims a total of 6.9 hours in legal services related to this fee petition, as evidenced by her declaration, Acker Susanj Decl. ¶¶ 10–11, and Exhibit 1 thereto, itemizing those hours, filed therewith. In addition, Plaintiff A. Goldstein is not requesting time spent on an additional 10.8 hours of research and analysis related to the fees petition, which was performed by another associate. *See* McGrath Decl. ¶ 20 n.2.

**Legal Assistance:** Senior paralegal Ms. Wanner reasonably expended and claims a total of 8.5 hours in legal services related to the Complaint, filings, and service of this matter, as evidenced in Paragraph 24 of Mr. McGrath's Declaration, and Exhibit 3 attached thereto, itemizing Ms. Wanner's hours.

### 2. The Rates Requested Are Reasonable

A reasonable hourly fee rate should be determined by reference to "market rates in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d. Cir. 2006) (quotation omitted); *see also Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017). Courts consider factors including "the novelty and difficulty" of the issues, the "results obtained," and the "experience, reputation, and ability of the attorneys." *Arbor Hill*, 522 F.3d at 186 n.3, 190.

Plaintiff A. Goldstein seeks an award of attorneys' fees for attorneys Nathan J. McGrath, Danielle Acker Susanj, Milton L. Chappell, and William L. Messenger, who are Plaintiffs' attorneys in this matter, but not for other attorneys who have assisted in this matter. A fee award is also sought for Lindsey Wanner, who is a senior paralegal on the Fairness Center's legal staff. McGrath Decl. ¶ 24. Declarations have been filed in support of the Motion detailing the training, background, experience, and skill of each person for whom an award of attorneys' fees is sought.

7

The rates proposed are based on the complexity of the constitutional issues presented in this case, the complete relief achieved by Plaintiff A. Goldstein against the City of New York, and the degree of experience of each attorney.

Plaintiffs' lead attorney, Mr. McGrath, has been practicing law since 2010 and is the President and General Counsel of the Fairness Center. McGrath Decl. ¶ 4. Before joining the Fairness Center in 2016, Mr. McGrath exclusively practiced trial and appellate civil litigation during his employment as a Foundation-provided staff attorney, and successfully represented clients in federal and state courts, and before administrative agencies. McGrath Decl. ¶¶ 5, 6. All told, Mr. McGrath has practiced in the relevant area of law for ten years—six at the Fairness Center and four at the Foundation. Mr. McGrath has been appointed class counsel on behalf of nonmember employees in three other federal, class-action cases, which dealt with similar issues of compulsory association with and financial support of unions. McGrath Decl. ¶ 7. A federal district court recognized both Messrs. McGrath's and Chappell's "vast" experience when appointing them as class counsel in 2014. *Serna v. TWU*, No. 3:13-CV-2469-N, 2014 WL 7721824, at *12 (N.D. Tex. Dec. 3, 2014) ("Mr. Chappell and Mr. McGrath have vast experience in cases involving unions"). This court, in awarding fees on a petition under 42 U.S.C. § 1988, found a rate of $500 to be reasonable for an attorney with similar seniority and experience, like Mr. McGrath, in the same area of law as the matter for which fees were awarded, in light of the "uncommonly complex nature of the constitutional issues presented" in that civil rights action "and the rising tide of billing rates in this District—and in civil rights cases specifically." *HomeAway.com, Inc.*, 523 F. Supp. at 598 (collecting comparable rates). Mr. McGrath's additional experience and credentials are more fully set forth in his declaration filed in support of the Motion.

Ms. Acker Susanj has over nine years of litigation experience and four years of experience in the relevant area of law, since joining the Fairness Center in 2018. Acker Susanj Decl. ¶¶ 4–5. After

8

graduating *magna cum laude* and Order of the Coif from the University of Pennsylvania Law School, Ms. Acker Susanj was a federal appellate judicial clerk and worked as a litigation associate in a major international law firm, practicing complex civil and constitutional litigation. After reviewing comparable rate awards in this District, this Court awarded a fee rate of $400 for senior associates with similar experience in a civil rights case. *See HomeAway.com, Inc.*, 532 F. Supp. 3d at 598. Ms. Acker Susanj's additional experience and credentials are more fully set forth in her declaration filed in support of the Motion.

Mr. Chappell has over 45 years of relevant litigation experience since becoming a staff attorney at the Foundation in 1976. Chappell Decl. ¶ 4. Mr. Chappell has devoted his legal career to representing nonmember employees who have been subject to compulsory unionism in cases similar to this one. Chappell Decl. ¶¶ 4–5. Courts have routinely acknowledged Mr. Chappell's extensive experience with trial and appellate litigation in the areas of labor and constitutional law. *See, e.g.*, *Knox v. Chiang*, 2013 WL 2434606, at *9 (E.D. Cal. June 5, 2013); *Serna*, 2014 WL 7721824, at *12. In *HomeAway.com*, this Court awarded $650 rate for a partner "with significance experience" in the area of law, with 27 years of practice experience. 523 F. Supp. at 598. As this court recognized, higher rates are appropriate for attorneys held in "unusually high regard by the legal community" in complex civil rights cases, where billing rates have "largely trended upwards." *See id.* Given Mr. Chappell's over 45 years of experience focused on matters within the same area of law as the present matter, and his recognized skill and abilities in this area of law, the $650 rate is appropriate for Mr. Chappell. Mr. Chappell's additional experience and credentials are more fully set forth in his declaration filed in support of the Motion.

Mr. Messenger has over 20 years of relevant litigation experience since becoming a staff attorney at the Foundation in 2001. Messenger Decl. ¶ 4. Mr. Messenger has spent his career representing individuals in cases that concern either compulsory union fees or union representation.

9

Messenger Decl. ¶ 4. Most notably, Mr. Messenger was lead counsel in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018) and *Harris v. Quinn*, 573 U.S. 616 (2014), and argued both cases before the United States Supreme Court and Seventh Circuit. In *HomeAway.com*, this Court awarded a $600 rate for a partner with experience in similar matters to the one for which fees were awarded. 523 F. Supp. at 598. Mr. Messenger's additional experience and credentials are more fully set forth in his declaration filed in support of the Motion.

Ms. Wanner, the Fairness Center's Senior Paralegal and Research Associate, has seven years of experience in litigation assistance. McGrath Decl. ¶ 24. Ms. Wanner also has an associate degree in paralegal studies from Harrisburg Area Community College, where she graduated in 2017 with the distinction of Outstanding Paralegal Student. She holds the designation of PACE Registered Paralegal (RP®), which is the most advanced credential awarded by the National Federation of Paralegal Associations. McGrath Decl. ¶ 24. This court in *HomeAway.com* accepted $150 per hour as reasonable and within the market rates for legal assistants. *HomeAway.com, Inc.*, 532 F. Supp. 3d at 599.

### 3.  Lodestar Amount and Adjustments

The prevailing hourly market rate for each attorney,[1] multiplied by the total reasonable hours expended,[2] results in the attorneys' fees depicted in the following table.

As discussed in the McGrath declaration, counsel made efforts to avoid duplicative or overlapping work in this matter. McGrath Decl. ¶ 10. In addition, out of an abundance of caution, to further account for any duplicative work, as well as the presence of multiple claims and multiple

---

[1] Plaintiff notes that he is not requesting an award of attorneys' fees for 13.3 hours expended by other Fairness Center attorneys assisting in research and document preparation. McGrath Decl. ¶ 20 n.2.
[2] This amount does not, of course, include the reasonable hours that will be expended in the defense of the Motion.

10

plaintiffs in this litigation, counsel are applying an across-the-board "haircut" of ten percent to arrive at the hours claimed and adjusted lodestar:

| Attorney/Litigation Assistant | Hours | Hourly Rate | Initial Lodestar | Hours Claimed | Adjusted Lodestar |
|---|---|---|---|---|---|
| Nathan J. McGrath, Esq. | 22.2 | $500.00 | $11,100.00 | 19.9 | $9,950.00 |
| Milton L. Chappell, Esq. | 10.2 | $650.00 | $6,630.00 | 9.1 | $5,915.00 |
| William L. Messenger, Esq. | 6.6 | $600.00 | $3,960.00 | 5.9 | $3,540.00 |
| Danielle Acker Susanj, Esq. | 40.7 | $400.00 | $16,280.00 | 36.6 | $14,640.00 |
| Lindsey Wanner | 8.5 | $150.00 | $1,275.00 | 7.6 | $1,140.00 |
| **Total Fees** | | | | | **$35,185.00** |

Although Plaintiff A. Goldstein's counsel achieved all relief that he sought against Defendant City of New York, no additional enhancement via a multiplier is requested.

## II. THIS COURT SHOULD AWARD COSTS AND EXPENSES

Section 1988 authorizes the award of reasonable out-of-pocket expenses that are normally charged to a fee-paying client. *Finch v. N.Y. State Off. of Children & Family Servs.*, 861 F. Supp. 2d 145, 157 (S.D.N.Y. 2012); *see also Kuzma v. I.R.S.*, 821 F.2d 930, 933–34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988."). Costs related to seeking *pro hac vice* admission may also be awarded. *See, e.g., Clarke v. Hudson Valley Fed. Credit Union*, No. 14-cv-5291, 2016 WL 884667, at *10 (S.D.N.Y. Mar. 8, 2016) (awarding costs for *pro hac vice* admission of two of plaintiff's four counsel related to judgment under Rule 68); *Lora v. J. V. Car Wash, LTC*, No. 11 Civ. 9010, 2015 WL 4496847 (S.D.N.Y. July 24, 2015) (awarding costs related to *pro hac vice* admission); *Barile v. Allied Interstate, Inc.*, No. 12 Civ. 916, 2013 WL 795649, at *14 & n.13 (S.D.N.Y. Jan. 30, 2013) (same).

11

Plaintiff A. Goldstein reasonably incurred costs and expenses of $1,361.75 in this matter, as evidenced by Paragraphs 25 and 26 of Mr. McGrath's declaration and Exhibit 2 attached thereto. Plaintiff A. Goldstein is requesting reimbursement for costs associated with filing fees, *pro hac vice* admission fees (for only two of the four attorneys), mailing/service costs, and travel costs. These costs are minimal and reasonable, and should be awarded in their entirety.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff A. Goldstein's motion and award attorneys' fees and costs in the amount of $36,546.75.

Respectfully submitted,

Dated: November 17, 2022

**s/ Nathan J. McGrath**
Nathan J. McGrath (*pro hac vice*)
Email: njmcgrath@fairnesscenter.org
Danielle R. Acker Susanj (*pro hac vice*)
Email: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

Milton L. Chappell (*pro hac vice*)
Email: mlc@nrtw.org
William L. Messenger (*pro hac vice*)
Email: wlm@nrtw.org
c/o National Right to Work Legal
  Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: 703.321.8510
Facsimile: 703.321.9319

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 17, 2022, a copy of the foregoing *Memorandum of Law in Support of Motion of Plaintiff Avraham Goldstein for an Award of Attorneys' Fees and Costs* was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's CM/ECF system.

Dated: November 17, 2022						**s/ Nathan J. McGrath**
								Nathan J. McGrath (*pro hac vice*)
								Email: njmcgrath@fairnesscenter.org
								THE FAIRNESS CENTER
								500 North Third Street, Suite 600B
								Harrisburg, Pennsylvania 17101
								Telephone: 844.293.1001
								Facsimile: 717.307.3424

								*Attorney for Plaintiffs*