

December 13, 2022

**VIA ELECTRONIC FILING**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

   Re: Response to PSC's Letter of December 9, 2022, ECF No. 99
      ***Goldstein et al. v. Professional Staff Congress/CUNY et al.*,**
      **Case No. 1:22-cv-00321-PAE**

Dear Judge Engelmayer:

Plaintiffs write to respond to Defendant PSC's letter to this Court dated December 9, 2022, requesting permission to file a motion for summary judgment on Count III that will assert that PSC is not a "'state actor' that can be sued under Section 1983 for allegedly unauthorized deductions" of union dues. Letter at 2. Granting that permission would be premature because Plaintiffs need to conduct discovery on the state-action issue and related issues.

"[T]he Supreme Court, in a frequently quoted passage, has explained how fact-intensive each inquiry into the question of the presence of state action becomes: 'Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.'" *Int'l Soc. for Krishna Consciousness, Inc. v. Air Canada*, 727 F.2d 253, 255 (2d Cir. 1984) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)); *see also Hadges v. Yonkers Racing Corp.*, 918 F.2d 1079, 1081 (2d Cir. 1990) (acknowledging that "inquiries [for state action] require us to sift through and weigh the facts to determine whether the alleged ties between the State and the private actor are sufficiently strong to attribute the private actor's conduct to the state.").

Plaintiffs allege PSC is a state actor because it works hand in glove with State entities, pursuant to state law and several agreements, to have the State systemically take monies from employees' wages. *See* Compl. ¶¶ 72–81, ECF No. 1. The issue of whether PSC's joint-participation with the State in this common endeavor is sufficient to make PSC a state actor cannot be decided based on one-sided or incomplete factual assertions, but should be decided on a developed factual record that details exactly how PSC and State entities work together to extract union dues from employees.[1]

---

[1] Plaintiffs object to PSC's characterization that Plaintiffs plan to "take extensive discovery." Plaintiffs have not yet propounded any discovery, nor has PSC even attempted to reach agreement on the scope or number of discovery requests to be propounded.

Discovery also is needed to ascertain why PSC and State entities continued to seize union dues from Plaintiffs Kass-Shraibman and Langbert after they objected to those deductions. The card PSC proffers for Plaintiff Kass-Shraibman did not purport to limit her ability to end dues deductions. While the card PSC proffers for Plaintiff Langbert does contain such a limit, Plaintiffs seek discovery into whether or not the terms of the purported card were in fact the basis for the refusal of PSC and the deducting authority to end deductions. In short, Plaintiffs are entitled to discovery as to whether the terms of authorizations, rather than PSC's joint decision with the deducting authority to ignore their resignations for some other reason, including animus, was the cause of the constitutional injury alleged in Count III.

Plaintiffs have not been permitted to conduct any discovery concerning state action or why PSC continued to seize union dues from Plaintiffs Kass-Shraibman and Langbert over their objections. In fact, PSC has never even filed an answer or any other response to Count III. Plaintiffs oppose PSC's attempt to avoid discovery. If PSC believed that the issue involved in Count III were purely an issue of law, it could have moved to dismiss. It chose not to.

For these reasons, Plaintiffs request that this Court deny permission for PSC to move for summary judgment before Plaintiffs have had the opportunity to conduct any discovery. In the alternative, if PSC is permitted to move for summary judgment, the Court should order PSC to file an answer to the Complaint within seven days of the Court's order.

Respectfully,

**s/ Nathan J. McGrath**
Nathan J. McGrath (*pro hac vice*)
Email: njmcgrath@fairnesscenter.org
Danielle R. Acker Susanj (*pro hac vice*)
Email: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

Milton L. Chappell (*pro hac vice*)
Email: mlc@nrtw.org
William L. Messenger (*pro hac vice*)
Email: wlm@nrtw.org
c/o National Right to Work Legal
Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: 703.321.8510
Facsimile: 703.321.9319

*Attorneys for Plaintiffs*

cc: All parties via ECF