UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

A<small>VRAHAM</small> G<small>OLDSTEIN</small>, *et al.*,

      Plaintiffs,

v.

P<small>ROFESSIONAL</small> S<small>TAFF</small> C<small>ONGRESS</small>/CUNY, *et al.*,

      Defendants.

**Case No. 1:22-cv-00321-PAE**

Hon. Paul A. Engelmayer

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case **is not** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than <u>December 27, 2022.</u>

5. All fact discovery shall be completed no later than <u>January 31, 2023.</u> [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial requests for production of documents to be served by __12.31.2022__.
    b. Interrogatories to be served by __12.31.2022__.
    c. Depositions to be completed by __01.31.2023__.
    d. Requests to Admit to be served no later than __12.31.22__.

7.  a.  All <u>expert</u> discovery shall be completed no later than <u>   n/a   </u>.
    [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e., the completion of all fact discovery.]

    b.  No later than thirty (30) days prior to the date in paragraph 5, i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.  All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9.  All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. 
    a.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: <u>Defendant PSC has provided Plaintiffs with some initial information towards this end.</u>

    b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
    <u>A settlement conference before a Magistrate Judge.</u>

    c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        <u>Plaintiff's Position: after the close of fact discovery</u>

        <u>Defendant PSC's Position: Before the end of fact discovery</u>

    d.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R.

Civ. P. 26(a)(3). Any motions in limine shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is     2 days    .

13. [Other items, including those in Rule 26(f)(3).]

The Parties' Rule 26(f)(3) responses:

    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made: -
--The parties believe none at this time other than how modified in the paragraphs above.

    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:
--This Court has provided guidance to the parties on these matters and has ordered (ECF No. 102) that discovery be completed by January 31, 2023*.
> *The Court's order stated discovery must be completed "by January 31, 2022," however, the parties assume that the Court intended the year to be 2023, and plan to proceed with discovery as such unless directed otherwise by this Court.

    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:
--The Parties do not believe there to be any at this time.

    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:
--None at this time.

    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:
--None at this time.

    Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).
--None at this time.

Further, it is agreed by Plaintiffs and Defendant PSC that all discovery requests, responses, and notices related thereto, may be properly served on said parties by electronic mail, sent and/or copied to all counsel of record for said parties.

--------------------------------------------------------------------------------------------------------------------
TO BE COMPLETED BY THE COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. [Other]

15. The next Case Management Conference is scheduled for _____ at _____

      Unless otherwise indicated, the Case Management Conference will be held **telephonically**. The parties should call into the Court's dedicated conference line at **(888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key**. Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.
      All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.
      **Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

                                                                         _____
                                                                         Paul A. Engelmayer
                                                                         United States District Judge

Dated:  New York, New York
           _____